UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

)
OXFAM AMERICA, INC.,                                    )
                                                                           )
                              Plaintiff,                              )
                                                                           )
              v.                                                          )        Case:  1:12-cv-10878-DJC
                                                                           )
UNITED STATES SECURITIES AND           )
EXCHANGE COMMISSION,                          )
                                                                           )
                              Defendant.                          )
_____)

## ANSWER

Defendant United States Securities and Exchange Commission ("SEC") hereby responds

to each numbered paragraph of plaintiff Oxfam America, Inc.'s ("Oxfam") Complaint as

follows:

### I.        INTRODUCTION

1.        This paragraph contains Oxfam's characterization of the nature of this action, to which no

response is required.

2.        This paragraph contains Oxfam's conclusions of law, to which no response is required,

but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15

U.S.C. § 78m(q) for a full and accurate statement of its content.

3.        The SEC admits that the Dodd-Frank Wall Street Reform and Consumer Protection Act

("Dodd-Frank Act") became law on July 21, 2010.  The rest of this paragraph contains

Oxfam's conclusions of law, to which no response is required, but insofar as an answer is

deemed necessary, the SEC respectfully refers the Court to 15 U.S.C. § 78m(q) for a full

and accurate statement of its content.

## II.    JURISDICTION AND VENUE

4.    This paragraph contains Oxfam's conclusions of law regarding the jurisdictional basis and venue for this action, to which no response is required.

## III.    PARTIES

5.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    The SEC admits that Oxfam has submitted comments in response to the SEC's proposed rule implementing Section 1504 of the Dodd-Frank Act ("Section 1504"), and refers the Court to those comments for a full and accurate statement of their content. *See* http://www.sec.gov/comments/s7-42-10/s74210.shtml.  The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11.    The SEC admits that it is a federal agency of the United States.  This rest of this paragraph contains Oxfam's conclusions of law to which no response is required, but

insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15

U.S.C. § 78m(q) for a full and accurate statement of its content.

## IV.   BACKGROUND

12.   This paragraph contains Oxfam's conclusions of law to which no response is required,

but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15

U.S.C. § 78m(q) for a full and accurate statement of its content.

13.   This paragraph contains Oxfam's conclusions of law to which no response is required,

but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15

U.S.C. § 78m(q) for a full and accurate statement of its content.

14.   The first two sentences of this paragraph contain Oxfam's conclusions of law to which no

response is required.  The SEC is without first-hand knowledge or information sufficient

to form a belief as to the truth of the allegations in the third sentence.  As to the

statements attributed to Senator Cardin, the SEC respectfully refers the Court to 156

Cong. Rec. S5870-72 (daily ed. July 15, 2010) (statement of Sen. Cardin) and 156 Cong.

Rec. S3316 (May 6, 2010) (statement of Sen. Cardin) for a full and accurate statement of

their content, which speaks for itself.

15.   The SEC is without first-hand knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

16.   The SEC is without first-hand knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.  As to the statements attributed to Senator

Lugar, the SEC respectfully refers the Court to 156 Cong. Rec. S3816 (daily ed. July 15,

2010) (statement of Sen. Lugar) and 156 Cong. Rec. S5870-72 (May 17, 2010)

(statement of Sen. Lugar) for a full and accurate statement of their content, which speaks for itself.

17.    The SEC denies the allegations in the first two sentences of this paragraph.  The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  As to the quoted terms attributed to Senator Cardin, the SEC respectfully refers the Court to 156 Cong. Rec. S3316 (May 6, 2010) (statement of Sen. Cardin) for a full and accurate statement of its content, which speaks for itself.

19.    The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.    The SEC admits the allegations in sentence two of this paragraph, but is without first-hand knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21.    The first sentence of this paragraph contains Oxfam's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15 U.S.C. § 78m(q) for a full and accurate statement of its content. The SEC admits that it has not yet promulgated a final rule under Section 1504 of the Dodd-Frank Act, but denies the remaining allegations in this paragraph.

22.    The SEC denies the allegations in this paragraph.

23.    The SEC denies the allegations in the first sentence, but admits that the proposed

regulations on "Disclosure of Payments by Resource Extraction Issuers" were published

in the Federal Register on December 23, 2010.

24.    The SEC admits that on April 15, 2011 Senators Cardin and Lugar sent a letter to the

SEC, the content of which speaks for itself.

25.    This paragraph contains Oxfam's conclusions of law to which no response is required,

but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15

U.S.C. § 78m(q) for a full and accurate statement of its content.

26.    The SEC admits that prior to April 17, 2011, it posted a schedule on its website indicating

that it planned to promulgate a final rule implementing Section 1504 between August-

December 2011.

27.    The SEC admits that on April 28, 2011 the SEC's Office of Legislative and

Governmental Affairs responded by letter to an April 15, 2011 letter received from

Senators Cardin and Lugar, the content of which speaks for itself.

28.    The SEC admits that it did not issue a final rule implementing Section 1504 in August of

2011.

29.    The SEC admits that on April 16, 2012 Oxfam sent a letter to the SEC, the content of

which speaks for itself.

30.    The SEC admits the allegations in the first sentence, but denies the allegations in the

second sentence of this paragraph, as the Commission has scheduled a vote on a final rule

for August 22, 2012.  *See*

http://www.sec.gov/news/openmeetings/2012/ssamtg082212.htm.

31.     The SEC admits the allegations in the first sentence, but denies the allegations in the second sentence of this paragraph.

32.     The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.     The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.     The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.     The SEC is without first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     The SEC denies the allegations in this paragraph.

## V.     CLAIM FOR RELIEF

39.     The SEC repeats and incorporates every answer contained in Paragraphs 1 through 38, above.

40.     This paragraph contains Oxfam's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 5 U.S.C. § 706(1) for a full and accurate statement of its content.

41.   This paragraph contains Oxfam's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 28 U.S.C. § 1361 for a full and accurate statement of its content.

42.   The first sentence of this paragraph contains Oxfam's conclusions of law to which no response is required.  The SEC denies the remaining allegations in this paragraph.

43.   The SEC denies the allegations in this paragraph.

44.   This paragraph contains Oxfam's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, the SEC respectfully refers the Court to 15 U.S.C. § 78m(q), 5 U.S.C. § 706(1), and 28 U.S.C. § 1361 for a full and accurate statement of their content.

45.   The SEC denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining unnumbered paragraph, including subparts (1) through (3), contains Oxfam's demand for relief to which an answer is not required, but insofar as an answer is deemed necessary, the SEC denies that Oxfam is entitled to the relief requested or any relief whatsoever, including costs and attorneys' fees.

The SEC further denies any and all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.   The Court lacks jurisdiction over the claims raised in the Complaint.

2.   The Complaint fails to state a claim upon which relief can be granted.

3.   The SEC has exercised due diligence in working to finalize a rule implementing Section 1504 while balancing its other statutory obligations, and thus has not unlawfully withheld

or unreasonably delayed the promulgation of a final rule within the meaning of 5 U.S.C.

§ 706(1).  An open Commission meeting is scheduled for August 22, 2012 in which the

Commission intends to vote on the adoption of a final rule under Section 1504.

4.      The SEC has not failed to perform a nondiscretionary duty.


**WHEREFORE**, the SEC asks the Court to deny Oxfam's requests for relief, dismiss the

Complaint with prejudice, and grant the SEC such other relief as the Court may deem

appropriate.

                                        Respectfully submitted,

Dated:  July 16, 2012                    ___/s/   Thomas J. Karr_____
                                        THOMAS J. KARR
                                        KRISTIN S. MACKERT
                                        SARAH E. HANCUR (BBO# 652607)
                                        Office of the General Counsel
                                        Securities and Exchange Commission
                                        100 F Street, NE
                                        Washington, DC 20549-9612
                                        202-551-5163
                                        karrt@sec.gov

                                        *Counsel for Defendant United States*
                                        *Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

On July 16, 2012, I served a true copy of Defendant United States Securities and

Exchange Commission's Answer upon the following parties to this action via the Court's

CM/ECF system and Regular United States Mail:

Jonathan Kaufman
Richard L. Herz
Marco Simons
EarthRights International
1623 K Street, NW
Washington, DC 20006

Mark I. Bailen
Mark W. Delaquil
Baker & Hostetler, LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-2402

Carlos Ramos-Mrosovsky
Lauren J. Resnick
Stephen T. Olson
Serine Consolino
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Cynthia W. Lie
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

    /s/   Thomas J. Karr